## Second Department, March, 1940.

### (March 4, 1940.)

Samuel Autor Linoleum & Carpet Co., Inc., Respondent, v. Newburgh Savings Bank, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Estate of Grace Danielson, an Incompetent Person. Donato Zappa, Appellant; Charles J. Dodd, Jr., as Committee, etc., of Grace Danielson, an Incompetent Person, and Another, Respondents.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of Jerome O. Ellis, Admitted as an Attorney as Jerome Ellis.— Motion for stay granted on condition that respondent proceed with diligence to perfect and argue the appeal. [See 258 App. Div. 558.] Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of Michael H. Grae, an Attorney, Respondent.— Motion for stay granted on condition that respondent proceed with diligence to perfect and argue the appeal. [See 258 App. Div. 576.] Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Application of Daniel Marshall, Petitioner, for a Certiorari Order against George M. Estabrook, Mayor, and J. Eugene Geer and Others, Trustees of the Village of Hempstead, Nassau County, New York, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Westchester County Bar Association with Respect to Samuel I. Osofsky, an Attorney, Respondent.— The recommendation of the learned official referee cannot be accepted. The proof clearly establishes that respondent, who was admitted to the Bar in 1926, was guilty of (1) subornation of perjury; (2) wilfully misleading the district attorney of Westchester county in his efforts to locate one Sanders, who had been associated with respondent; (3) fraudulently exaggerating claims in complaints and bills of particulars; (4) destroying files of cases and financial records in an endeavor to thwart this court's investigation; (5) wilfully occupying a dual and inconsistent professional relation in a negligence case; and (6) paying persons for soliciting retainers for him in negligence claims. The respondent has shown himself unworthy of the privilege of engaging in the practice of the law and must be disbarred. The respondent is disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

Anne Krim, Respondent, v. Iserson Handcraft Products, Inc., Appellant. — Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Mary E. Mann, Respondent, v. Quintard Taylor and Marjorie Taylor, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.